UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 JUL 23 PM 3:39

N.D. OF ALABAMA

Entered 07/23/99

| | |
|---|---|
| WILLIAM HOWSE, ETC., ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. CV-99-S-47-S |
| ) | |
| THRIFTY-RENT-A-CAR SYSTEM, ) | |
| INC., WILLIE TATE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

This action is before the court on plaintiff's motion for leave to amend complaint. Upon consideration of the pleadings, motions, and briefs, this court concludes that it would not be aided by oral arguments, and this case accordingly is removed from the motion docket scheduled for July 27, 1999.

Plaintiff, William Howse, an Alabama resident, filed a complaint in the Circuit Court of Jefferson County, Alabama, on behalf of himself and all other similarly situated on November 28, 1998. Plaintiff alleged only state-law claims in his complaint. This case, therefore, involves no federal question.

Defendant Thrifty-Rent-A-Car System, Inc. ("Thrifty"), a foreign corporation, removed to this court on January 11, 1999, based on the parties' diversity of citizenship, 28 U.S.C. § 1332. Thrifty argued defendant Willie Tate had been fraudulently joined

as a defendant for the sole purpose of defeating diversity jurisdiction, therefore, his citizenship should be disregarded in determining this court's subject matter jurisdiction.

Plaintiff filed the present motion to amend on May 28, 1999, seeking to add Alabama Car Rental, Inc., as a party defendant. Alabama Car Rental, Inc. ("ACR"), is an Alabama corporation incorporated and doing business in Jefferson County, Alabama.

Plaintiff bases his motion to amend on Rule 15 of the *Federal Rules of Civil Procedure*,[1] however, the motion amounts to a joinder, pursuant to Rule 20.[2] Plaintiff contends ACR is an independent licensee of Thrifty and an indispensable party to the present action. Thrifty states in its opposition to the motion, "Howse rented the automobile from and entered into the contract

---

[1] Rule 15 reads in pertinent part:

(a) A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. ... Otherwise a party may amend the party's pleading only by leave of court of by written consent of the adverse party. ...

[2] Rule 20 provides in pertinent part:

(a) **Permissive Joinder**. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All person ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. ...

2

with ACR." (Defendant's brief at 2, Document No. 16.) It is therefore undisputed that ACR is a party to the contract at issue.

In determining whether to grant plaintiff's motion, this court considers 28 U.S.C. § 1447(e) which reads as follows: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Eleventh Circuit said in *Ingram v. CSX Transportation, Inc.*, 146 F.3d 858, 862 (11th Cir. 1998) that:

> [b]ecause section 1447(e) was applicable here, [a] district court [has] only two options: (1) deny joinder; or (2) permit joinder and remand [plaintiff's] case to state court. The district court chose to permit the diversity-destroying joinder and, as a result, it should have remanded this action to Alabama circuit court.

Plaintiff seeks to add ACR because the alleged right to relief against it arises out of the same transaction or occurrence as the right to relief against Thrifty, and because questions of law or fact common to both to defendants are likely to arise during this action.

This court, therefore, concludes Alabama Car Rental, Inc., is an indispensable party and should be added as a party defendant. Plaintiff's motion to amend complaint is due to be granted.

The addition of Alabama Car Rental, Inc., as a defendant,

3

thereby destroys this court's subject matter jurisdiction. This court has no discretion to add Alabama Car Rental as a defendant and retain jurisdiction. Accordingly, this action is due to be remanded *sua sponte* to the Circuit Court of Jefferson County, Alabama from which it was removed.

An appropriate order consistent with this memorandum opinion will be issued contemporaneously herewith.

**DONE** this 23rd day of July, 1999.

United States District Judge